UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>  Plaintiff,<br><br>  v.<br><br>JONATHAN GOBERT, et al.,<br><br>  Defendants. | No.  2:21-cv-2373 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. The complaint also includes requests for a temporary restraining order, for a preliminary injunction, and for an "ad litem guardianship appointment of counsel." Id. at 7-8. The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action. In addition, it will be recommended that plaintiff's motions for a temporary restraining order, for a preliminary injunction, and for an "ad litem guardianship appointment of counsel" be denied as premature.

////

I.  THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted).  "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).  "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state  a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).   Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the

2

filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II. PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that on October 14, 2015, in the Eastern District of California, plaintiff was declared a three-strikes litigant in Bradford v. German, No. 1:15-cv-111 LJO BAM P (E.D. Cal. Oct. 14, 2015). In that case, the court determined that the following dismissed cases constituted strikes:

- Bradford v. White, No. 2:98-cv-0180 FCD JFM P (E.D. Cal. June 3, 1999) (dismissed for frivolousness and as barred by the statute of limitations);
- Bradford v. Terhune, No. 1:04-cv-5496 AWI DLB P (E.D. Cal. Oct. 21, 2004) (dismissed for failure to state a claim);
- Bradford v. Superior Court of California, No. 1:07-cv-1031 OWW LJO P (E.D. Cal. Aug. 21, 2007) (dismissed for frivolousness);
- Bradford v. Grannis, No. 2:05-cv-0862 FCD DAD P (E.D. Cal. Sept. 30, 2007) (dismissed for frivolousness and failure to state a claim);
- Bradford v. Amaya, No. 1:08-cv-0211 OWW GSA P (E.D. Cal. Apr. 17, 2008) (dismissed for failure to state a claim); and
- Bradford v. Terhune, No. 1:04-cv-5261 LJO SMS P (E.D. Cal. May 9, 2008) (dismissed for failure to state a claim).

Bradford v. German, Case No. 1:15-cv-111, ECF Nos. 4, 5.[1]

---

[1] The court also listed as a strike Bradford v. Terhune, No. 2:02-cv-1859 FCD GGH P (E.D. Cal. June 18, 2003). That case had been dismissed as barred by the three strikes rule, without a finding of frivolity. Case No. 2:02-cv-1859 at ECF Nos. 17, 21. It therefore does not count as an independent strike. See El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016).

3

The court takes judicial notice of these earlier-filed lawsuits.[2] Each of them was dismissed well before the instant action was filed and none of the strikes have been overturned. Therefore, the undersigned finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### III. IMMINENT DANGER

Plaintiff claims that he satisfies the imminent danger exception under 28 U.S.C. § 1915(g) because (1) at the time he submitted his complaint, he had contracted COVID-19 due to defendants' failure to follow COVID-19 health and safety protocols,[3] and (2) he was denied all treatment for his physical injuries and preexisting ailments because he chose not to be vaccinated and not to be tested for COVID-19. See id. at 3-5.

Plaintiff does not specifically allege when he contracted COVID-19, but it was clearly sometime after arriving at CHCF in March 2021 and before filing the complaint the following December. Accordingly, it appears that the injury from defendants' alleged failure to follow health and safety protocols was already completed at the time of filing. The fact that plaintiff had previously contracted COVID-19 does not necessarily defeat an imminent danger showing, however. The question is whether the circumstances at the time of filing demonstrate that the danger of infection (or reinfection) was ongoing. See Andrews, 493 F.3d at 1056 (overruling district court finding that inmate could not base imminent danger on exposure to infectious disease when he had already contracted hepatitis). The court need not determine whether plaintiff's allegations (which are both vague and conclusory) are sufficient to satisfy the Andrews standard as to ongoing danger, because his affirmative allegations that he refused COVID vaccination and testing defeat his assertion of the imminent danger exception. See Johnson v.

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] Plaintiff states that the protocols defendants failed to follow were the mandatory prison policies that all staff wear N-95 masks, that they test for COVID-19 or be vaccinated, and that they engage in social distancing. ECF No. 1 at 7.

4

Broomfield, No. 22-cv-9053 JSW, 2023 WL 2505605, 2023 U.S. Dist. LEXIS 34289 (N.D. Cal. Mar. 1, 2023) (finding no imminent danger where inmate had contracted COVID-19 twice, most recently three months before filing complaint, and failed to allege he was denied access to the vaccine).

A prisoner cannot create an imminent danger so as to escape the three-strikes provision. Taylor v. Walker, No. 07-706-MJR, 2007 WL 4365718 at *2, 2007 U.S. Dist. LEXIS 90849 at *4 (S.D. Ill. Dec. 11, 2007) (collecting cases); Pauline v. Mishner, No. CIV-09-00182 JMS/KSC, 2009 WL 1505672 at *2-3, 2009 U.S. Dist. LEXIS 132142 at *6 (findings and recommendation), adopted by 2009 U.S. Dist. LEXIS 45114 (D. Haw. May 28, 2009).  In applying this widely-accepted principle to the COVID-19 context, other courts have found that "the availability of an effective COVID-19 vaccine precludes a claim . . . that the virus poses imminent danger[.]" Johnson, supra, 2023 WL 2505605 at *1, 2023 U.S. Dist. LEXIS 34289 at *2 (citing Garrett v. Murphy, 17 F.4th 419, 433 (3d Cir. 2021)).

In both Johnson and Garrett, claims of imminent danger from COVID-19 were rejected because the inmate had not alleged a lack of access to the vaccine.  Here plaintiff has affirmatively alleged that the vaccine was offered to him and that he refused it.  Accordingly, it is plain from the face of the complaint that the alleged danger of infection is partly of plaintiff's own making.  It will therefore be recommended that his motion to proceed in forma pauperis be denied, and that he be ordered to pay the filing fee in its entirety prior to proceeding any further in this matter.

IV.   PLAINTIFF'S MISCELLANEOUS REQUESTS FOR RELIEF

As noted, the complaint requests a temporary restraining order, a preliminary injunction, and an "ad litem guardianship appointment of counsel." ECF No. 1 at 1, 7-8.  The requests for injunctive relief are based on the allegations of imminent danger that have been found insufficient to support the exception to § 1915(g). At this time, all putative motions are premature in any event.  It remains to be determined whether plaintiff will proceed in this action.

////

////

1     Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2. As a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g), plaintiff be ordered to pay the filing fee in its entirety prior to proceeding any further in this case; and

3. To the extent that the complaint might be construed as presenting a motion for a temporary restraining order, motion for a preliminary injunction, and motion for an "ad litem guardianship appointment of counsel," those motions be DENIED as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2023

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE